INDUSTRIAL TRUST COMPANY *et al., Trs. vs.*
JOHN H. NOLAN, Atty. Gen.

JUNE 11, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is a bill in equity for the contruction of a portion of the thirty-third paragraph of the last will and testament of Gertrude E. Guiteras, late of the town of Bristol in this state, deceased.

When the cause was ready for hearing for final decree in the superior court it was certified to this court for our determination in accordance with general laws 1938, chapter 545, §7.   The bill has been brought by the trustees under the will against the attorney general of this state because the complainants allege that such paragraph creates a charitable trust.   *Powers* v. *Home for Aged Women,* 55 R. I. 187.

The attorney general filed an answer in which he neither admitted nor denied the allegations of the bill but left the rights of the state to the protection of the court.

The portion of the thirty-third paragraph with which we are concerned reads as follows:

"* * * to pay over semi-annually on the first business day of January and July in each year forever, or, if in the judgment of my said trustees or the survivor of them, the better results will be attained thereby, to apply for the support, maintenance and general purposes thereof or for the purchase of books written in either the Spanish or English language or both therefor, forever the net amount of said rents, income, dividends and profits arising from said 'Fund C' to such free public library or libraries now existing or that may be hereafter established in the City of Matanzas, in the Republic of Cuba, as my said trustees or the survivor of them may determine and select and if they shall select more than one library as a beneficiary hereof, they, my said trustees or the survivor of them, are hereby authorized to determine the proportions in which said net income, rents, dividends and profits shall be divided and applied among them and they may vary said proportions from time to time, my said trustees being the sole judge of the propriety thereof without the assent or approval of any court, and, as I am making this donation in memoriam of my father, the late Ramon Guiteras, it is my wish that in some way his name may be connected and associated publicly and permanently therewith and I direct my said trustees or the survivor of them to see that my said wish is accomplished * * *."

Complainants allege in their bill that they "are uncertain with respect to their authority and duty under the Thirty-third Paragraph of said will, and a question has arisen as to whether they have the right to apply the net income of said Fund 'C' not only for the support, maintenance, and general purposes of a free public library or libraries in Matanzas, Cuba, but also for the purchase of books, magazines, papers, periodicals and other printed matter for such library or

libraries." They have therefore asked this court to determine whether they have the authority under that paragraph to apply the net income to both objects.

The question thus raised is a narrow one. Substantially it calls for an interpretation only of the following language of the paragraph: " * * * to pay over semi-annually on the first business day of January and July in each year forever, or, if in the judgment of my said trustees or the survivor of them, the better results will be attained thereby, to apply for the support, maintenance and general purposes thereof or for the purchase of books written in either the Spanish or English language or both therefor, forever the net amount of said rents, income, dividends and profits arising from said 'Fund C' to such free public library or libraries now existing or that may be hereafter established in the City of Matanzas * * *."

The testatrix's use of the word "or" in the phrase "to apply for the support, maintenance and general purposes thereof or for the purchase of books" is the reason for the trustees' uncertainty as to the extent of their authority in applying the net income of the fund. Divorced from the context of the sentence in which it appears, that phrase would ordinarily convey the idea that the trustees were authorized to apply the income in either of those ways but not both. However, it ought not to be thus read out of its context, especially in the construction of a will where we are seeking the intention of the testatrix. We should read the phrase in connection with the entire sentence and paragraph in which it appears and give it that meaning which will be consistent with the general intention of the testatrix as expressed in such paragraph. *Bailey* v. *Brown*, 19 R. I. 669, 681, 686; *Perry* v. *Brown*, 34 R. I. 203.

In our opinion her general intention, as expressed in the thirty-third paragraph, is obvious. It clearly appears therefrom that the dominant desire of the testatrix was to donate the income from fund "C" for the benefit of the people of Matanzas, preferably by aiding a free public library or

libraries in that city and in such a way as to provide a memorial of her late father, Ramon Guiteras. But it also appears that such intention was to be given effect provided only that it could be done to the satisfaction of her trustees. She conferred upon them extremely broad powers to that end.

Whether there was a free public library in Matanzas that would be deserving of her bounty she left solely to their judgment, unrestrained by any court. And she further provided that, in the event they found such a worthy library, a diversity of choice was to be left open to them as to the manner in which her bounty should be dispensed in aid of that library. They might apply the income of fund "C" in several different ways: pay it over semi-annually directly to the library; apply it to the support, maintenance, and general purposes thereof; or apply it for the purchase of books written in either the Spanish or English language or both. The choice of those methods was left solely to the judgment of the trustees so that better results might be attained if possible. Those are indeed very broad powers and they disclose the extreme confidence which the testatrix reposed in her trustees.

Having thus given them such broad discretionary powers, uncontrolled or unrestrained by any court, the question arises: Did the testatrix nevertheless intend merely by reason of her use of the disjunctive "or" in the language quoted to restrict her trustees to a choice between an application of the income to the support, maintenance, and general purposes of the library or to the purchase of books? We think not. On the contrary we think that the extreme confidence in her trustees was intended to operate in this matter also and that her language can be reasonably construed to that effect notwithstanding her use of the disjunctive "or" to express it.

We are of the opinion that by such expression the testatrix intended to convey the idea that if the trustees decided

not to pay the income directly to the library but to apply it themselves, they might do so. However, in doing so they would not be required to apply it generally to the support and maintenance of the library but might use it only for the purchase of books written in the Spanish or English language or both. In other words, the trustees were to have the utmost freedom in selecting the method of dispensing the testatrix's bounty even to the extent of applying it only for the purchase of books, if they decided that better results would thereby be attained. On the other hand, if they felt that the same end could be reached by purchasing books as well as otherwise aiding in the functioning of the library generally they were free to apply the income to such purposes.

The expression in the will "support, maintenance and general purposes" of a free public library comprehends in our opinion the acquisition of books, their housing and care, and making them available for use by the public. The general purposes of a free public library normally include the establishment of a collection of books, provision for their housing and for their reasonable use by the public, and the purchase of other books from time to time either as replacements or to supplement the collection. Therefore if the trustees choose to apply the income to the general support of the library such application of the income may include the purchase of books as well as the support and maintenance generally of the library.

On June 23, 1948, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.